**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **ASSOCIATED ORAL** | ) | |
| **SPECIALTIES, INC.,** | ) | **CASE NO.: 22-58327** |
| | ) | **CHAPTER 11** |
| **Debtor.** | ) | **JUDGE: BEM** |
| | ) | |

### NOTICE OF HEARING AND FILING OF
### MOTION FOR RELIEF FROM STAY

**PLEASE TAKE NOTICE** that **LHT North Atlanta, LLC** has filed a motion for relief from stay and related papers with the Court and that the Court will hold a hearing on the motion **at 11:00 AM** on **November 29, 2022,** at the **United States Bankruptcy Court and Richard Russell Federal Building, Courtroom 1402, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a

1

written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: November 15, 2022.

        **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

        */s/ George B. Green, Jr.*
        _____
        George B. Green, Jr.
        Georgia Bar No.: 665716

        *Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
ggreenjr@wwhgd.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **ASSOCIATED ORAL** | ) | |
| **SPECIALTIES, INC.,** | ) | **CASE NO.: 22-58327** |
| | ) | **CHAPTER 11** |
| **Debtor.** | ) | **JUDGE: BEM** |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11
U.S.C. § 362(d) AND (e) AND WAIVER OF FED. R. BANK. P. 4001(a)(3),
AND ABANDONMENT**

COMES NOW, LHT North Atlanta, LLC ("LHT"), by and through the undersigned counsel, and pursuant to FED. R. BANK. P. 4001 and 9014, and 11 U.S.C. § 362(d), and requests relief from the automatic stay provided by 11 U.S.C. § 362(a), and further requests that Lease that is the subject of this Motion and any property of Associated Oral Specialties, Inc. ("Debtor") remaining in LHT's property be deemed abandoned following entry of an order by the Court pursuant to 11 U.S.C. § 554, and states as follows:

3

## JURISDICTION

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.

The relief requested herein may be granted in accordance with the provisions of Sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## FACTS

4.

On October 17, 2022, Associated Oral Specialties, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

5.

On March 21, 2016, LHT and Debtor executed a lease for that certain piece of real property commonly known as Doctor's Center III at Emory Saint Joseph's Hospital, 5671 Peachtree Dunwoody Road, N.E., Atlanta, Georgia (the "Property").

4

A true and correct copy of the Lease is attached hereto as Exhibit A. The Debtor's principal, Dr. Freddie Wakefield, personally guaranteed the Lease. The Debtor is operating in the Property, and lists its address in the bankruptcy documents as the Property address.

6.

On January 14, 2019, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the following case: *In re Associated Oral Specialties, Inc.,* N.D. Georgia Bankr. Case No. 19-50715-pwb. (the "First Chapter 11 Case").

7.

As of the date of the filing of the First Chapter 11 Case, and subsequently, Debtor had defaulted in payment obligations under the Lease.

8.

On July 28, 2019, LHT and Debtor entered into a stipulation for Debtor to assume the Lease and cure the default on the Lease, which as of July 23, 2019, amounted to $150,781.37 ("Stipulation").

9.

Pursuant to the terms of the Lease, rent continued to accrue and become payable on the first of each month. The payment due date was adjusted from time to time at the request of Debtor.

10.

Debtor's Lease is still in effect.

11.

Debtor defaulted on the Stipulation, failed to pay its rent payments during and after the First Chapter 11 Case, and is not paying the lease payments owed to LHT under the Lease.

12.

The total amount in default under the Stipulation and the Lease as of the time this bankruptcy was filed is $579,429.61, with additional amounts coming due each month thereafter. Based on Debtor's schedules and testimony at the meeting of creditors, Debtor intends to assume the Lease, but has no feasible way to make payments or cure the Lease arrears.

## ARGUMENT & CITATION OF AUTHORITY

13.

LHT requests that the Court afford LHT complete relief from the automatic stay so that LHT may evict Debtor from the Property. 11 U.S.C. § 362(d)(1) vests this Court with authority to grant stay relief "for cause, including the lack of adequate protection of an interest in property of such party in interest." Bankruptcy courts have found a lack of adequate protection, and thus, cause to grant stay relief under Section 362(d)(1), when it is clear that the debtor's income is insufficient to make loan payments. *See In re Yanks*, 37 B.R. 394, 399 (Bankr. S.D. Fla. 1984) (stay relief granted where cash flow indicated debtor could not pay interest on outstanding promissory notes); *In re F&M Enterp. of Manatee Cnty., Inc.*, 29 B.R. 115, 117 (Bankr. M.D. Fla. 1983) (stay relief granted where maximum monthly income of debtor could not service mortgage); *see also In re Polay*, 66 B.R. 543, 544 (Bankr. E.D. Pa. 1986) ("we have repeatedly held that the continued failure to tender periodic payments to a secured creditor under the terms of an underlying loan agreement may constitute 'cause' for relief under 11 U.S.C. 362 (d)(1)").

14.

A wide variety of other factors may independently serve as cause for relief from stay under Section 362(d)(1). *See, e.g.*, *In re Henderson*, 395 B.R. 893, 900

7

(Bankr. D.S.C. 2008) (lack of adequate protection in light of accrual of real estate taxes, insurance costs, indebtedness interest, and depreciation of the property); *In re Pine Trace Corp.*, 87 B.R. 695, 697 (Bankr. M.D. Fla. 1988) (the property's failure to produce sufficient income to maintain the property); *In re Rice*, 82 B.R. 623, 627 (Bankr. S.D. Ga. 1987) (debtor not making loan payments and failing to pay taxes).

15.

Additionally, Bankruptcy Code section 362(d)(2) provides this Court with authority to grant relief from the automatic stay where "the debtor does not have any equity in the property."

16.

LHT requests that the Court grant it relief from the automatic stay to exercise its rights under the Lease and state law including, without limitation, the right to evict Debtor. In this case, LHT should be granted relief from the automatic stay because: (i) Debtor has no equity in the Property—Debtor merely has a leasehold interest, and (ii) Debtor cannot provide LHT with adequate protection of its interest in the Property. LHT further requests that the Lease and any property of Debtor remaining in LHT's Property be deemed abandoned following entry of an order by the Court pursuant to 11 U.S.C. § 554.

8

17.

Under the foregoing described circumstances, LHT further requests that the Court waive the fourteen-day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and that any order of the Court lifting the automatic stay become effective immediately.

WHEREFORE, LHT respectfully requests that the Court enter an Order:

a. Terminating the automatic stay to allow LHT to exercise its rights under the Lease and state law including, without limitation, the right to evict Debtor;

b. Waiving the fourteen-day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

c. Deeming the Lease and any property of Debtor remaining in LHT's Property abandoned following entry of an order by the Court pursuant to 11 U.S.C. § 554;

d. Granting such other relief as is appropriate.

[*Signature on Following Pages*]

DATED: November 15, 2022.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
ggreenjr@wwhgd.com

10

# CERTIFICATE OF SERVICE

I certify that the foregoing Motion for Relief from the Automatic Stay and Assignment of Hearing was served upon the following listed parties and/or counsel by either electronic transmission, or first-class United States mail, postage pre-paid on November 15, 2022:

> Associated Oral Specialties, Inc.
> 5671 Peachtree Dunwoody Road
> Suite 420
> Atlanta, GA 30342
>
> Milton D. Jones
> MILTON D. JONES, ATTORNEY
> 12252 Styron Drive
> Hampton, GA 30228
> miltondjonesatty@gmail.com
>
> Leon S. Jones
> CHAPTER 11 SUBCHAPTER V TRUSTEE
> Jones & Walden LLC
> 699 Piedmont Ave NE
> Atlanta, GA 30308
> ljones@joneswalden.com

DATED: November 15, 2022

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
ggreenjr@wwhgd.com