IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ASSOCIATED ORAL | ) | |
| SPECIALTIES, INC., | ) | CASE NO.: 22-58327 |
| | ) | CHAPTER 11 |
| Debtor. | ) | JUDGE: BEM |
| | ) | |

**OBJECTION TO CONFIRMATION OF PLAN**

COMES NOW, LHT North Atlanta, LLC ("LHT"), by and through the undersigned counsel, and objects to confirmation of the Small Business Debtor's Plan of Reorganization filed January 14, 2023 (DN 25) (the "Plan"). The Plan is not feasible, Debtor is significantly in default on the Lease of its office space with LHT, and Debtor has demonstrated no ability to cure its lease arrears or pay on-going rent. As such, LHT states as follows in support of its Objection:

**FACTS**

1.

On October 17, 2022 (the "Petition Date"), Associated Oral Specialties, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Current Bankruptcy Case").

1

2.

On March 21, 2016, LHT and Debtor executed a lease (the "Lease") for that certain piece of real property commonly known as Doctor's Center III at Emory Saint Joseph's Hospital, 5671 Peachtree Dunwoody Road, N.E., Atlanta, Georgia (the "Property"). The Debtor's principal, Dr. Freddie Wakefield, personally guaranteed the Lease. The Debtor is operating in the Property, and identifies its address in the bankruptcy documents as the Property address.

3.

On January 14, 2019, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the following case: *In re Associated Oral Specialties, Inc.*, N.D. Georgia Bankr. Case No. 19-50715-pwb. (the "First Chapter 11 Case").

4.

As of the date of the filing of the First Chapter 11 Case, and subsequently, Debtor was in default on payment obligations under the Lease.

5.

On July 28, 2019, LHT and Debtor entered into a stipulation for Debtor to assume the Lease and cure the default on the Lease, which as of July 23, 2019, amounted to $150,781.37 ("Stipulation").

6.

Pursuant to the terms of the Lease, rent continued to accrue and become payable on the first of each month. The payment due date was adjusted from time to time at the request of Debtor.

7.

Debtor's Lease is still in effect, and Debtor remains in possession of the Property.

8.

Debtor defaulted on the Stipulation, failed to pay its rent payments during and after the First Chapter 11 Case thereby defaulting on the Lease itself, and is not current on lease payments owed to LHT under the Lease in the Current Bankruptcy Case.

9.

The total amount in default under the Stipulation and the Lease as of the time this current bankruptcy was filed is $579,429.61, with additional amounts coming due each month.

10.

The Plan proposes to pay LHT as a general unsecured creditor, to be paid some dividend over five years, dependent on Debtor's "disposable annual income."

There is no provision for the Lease with LHT to be assumed or for rent to be paid by the Debtor. Even if the Debtor did intend to assume the Lease, there is no provision for the prompt cure of the Lease arrears. The Plan provides that the Debtor will continue to be managed by its shareholder, Dr. Freddie Wakefield.

11.

LHT filed a Motion for Relief from Stay (DN 16) on November 15, 2022, due to Debtor's failure to pay rent. That motion is set for an evidentiary hearing on March 2, 2023, at which time LHT will present its evidence in support of its Motion for Relief from Stay, for the reasons set forth in its Motion to Set Evidentiary Hearing (DN 39).

## **OBJECTION TO CONFIRMATION & ARGUMENT**

12.

Debtor has not proposed a feasible reorganization plan. The Plan does not propose to assume or reject the Lease, Debtor cannot promptly cure the Lease arrears as would be required if Debtor attempted to assume the Lease, and treats LHT's claim as unsecured. Further, the Plan fails to provide for the payment of the post-petition Lease arrears as an administrative expense, pursuant to 11 U.S.C §§ 503(b)(3), 507(a)(2), and 1129(a)(9)(A). The Chapter 11 Plan is otherwise unconfirmable because, among other reasons, it has not been filed in good faith, and

4

Debtor has not indicated any ability to pay for its office space or to make the proposed payments under the Plan. *See* 11 U.S.C. § 1191(c)(3)(A).

13.

"To confirm a Chapter 11 plan – even one under new Subchapter V – both the plan and the plan proponent must comply with the applicable provisions of the Bankruptcy Code." *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333 (Bankr. S.D. Fla. 2020). Among other requirements, the Bankruptcy Code at Section 1129(a) provides that "the court shall confirm a plan only if … (11) confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan…" 11 U.S.C. §1129(a)(11). "The proponents of a Chapter 11 plan mut show that the plan 'has a reasonable probability of success' and is more than a 'visionary scheme.'" *In re Aspen Village at Lost Mountain Memory Care, LLC*, 609 B.R. 536 at 544 (Bankr. N.D. Ga. 2019), *citing In re Wiersma*, 227 Fed. App'x 603 (9th Cir. 2007). This Court has recognized several factors to be considered when evaluating the feasibility of a plan: "the earning power of the business, the sufficiency of the capital structure, economic conditions, managerial efficiency, and whether the same management will continue to operate the company." *Id.*

5

14.

The Debtor itself purports to operate based on contributions from other entities, and lacks its own capital structure. Debtor, under the same management, has previously attempted and failed to cure a lease arrearage to LHT. The Plan proposed by the Debtor in this case is not feasible, the Debtor has not and cannot show that has any reasonable probability of success, therefore the Plan cannot be confirmed.

15.

The plan has not been proposed in good faith as required by the Bankruptcy Code at Section 1129(a)(3). After frustrating the purpose of the state court receivership that Debtor and its related entities were under prior to this case being filed, Debtor now seeks to use this proceeding to regain control of assets. "The good faith requirement is met when the plan is proposed with a 'legitimate and honest purpose to reorganize and has a reasonable hope of success." *In re 431 W. Ponce De Leon, LLC*, 515 B.R. 660 (Bankr. N.D. Ga. 2014), *citing Kaiser Aerospace & Elec. Corp. v. Teledyne Indus. (In re Piper Aircraft Corp.)*, 244 F. 3d 1289 (11th Cir. 2001). As stated herein, the Plan as filed by the Debtor does not have a reasonable hope of success.

16.

Although the Debtor has not yet requested the Court's approval to assume the Lease with LHT, it is Debtor's stated intention to do so. However, Debtor cannot meet the requirements for approval of the assumption of a lease under 11 U.S.C § 365. *See, e.g.*, *In re Uniq Shoes Corp.,* 316 B.R. 748 (Bankr. SD Fla. 2004). In the nearly four months that Debtor's Current Bankruptcy Case has been pending, Debtor has not been able to stay current with its rent payments. The Debtor has struggled to make any payments on the Lease during the pendency of this case, paying rent late, in installments, and via credit card.[1]  Debtor's stated intention is to continue to operate in the Property, however it has no ability to promptly cure the Lease arrears, or to make ongoing payments. According to the Debtor's Monthly Operating Report for the month of November 2022 (DN 27), Debtor had $100 in the bank at the beginning of that month, and $100 at the end of the month, with no cash receipts or disbursements. Debtor's inability to provide adequate assurance that it can pay the ongoing Lease payments, and inability to promptly cure the Lease arrears, indicate that it is not feasible for Debtor to assume the Lease. As such, the Plan is not feasible.

---

[1] The Court's Order at DN 21 required Debtor to pay LHT $11,264.11 on December 17, 2022, and another $11,264.10 to LHT not later than January 17, 2023. Debtor did not pay the December 17 payment until December 27, 2022, and did not pay the January 17 payment until January 19, 2023. Of the payment made January 19, 2023, $9,000 of it was paid via credit card.

17.

This is not the first time that the Debtor failed to pay the LHT Lease payments, and attempted to cure that default in bankruptcy. In the First Chapter 11 Case, Debtor assumed the Lease and attempted to cure the Lease arrears over four years under the terms of the Stipulation. Although the First Chapter 11 Case was confirmed and substantially consummated, Debtor was not able to maintain ongoing Lease payments, or adhere to the Stipulation. Debtor should not now be permitted a "do-over" in the Current Bankruptcy Case. *See In re Woodson*, 213 B.R. 404 (Bankr. SD Ga. 1997) ("As a general rule, a debtor should not be permitted to proceed with a successive Chapter 11 case where the debtor has defaulted on a confirmed, substantially consummated plan of reorganization, because the successive case is viewed as an impermissible attempt to modify a substantially consummated plan.").

WHEREFORE, LHT requests that the Court deny confirmation of the Plan, and for other relief as appropriate. LHT reserves the right to amend this Objection, and to object to any amended plan, if filed.[2]

[*Signature on Following Page*]

---

[2] Debtor included a copy of a "(Proposed) Amended Plan" in its Exhibits filed in support of its position as to LHT's Motion for Relief from Stay (DN 50). No amended plan has been formally filed with the Court, to LHT's knowledge, however the objections raised herein apply to the "(Proposed) Amended Plan as well, and LHT reserves its right to raise these and all other applicable objections to confirmation of an amended plan, if any.

8

DATED: February 28, 2023.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____
William C. Buhay
Georgia Bar No.: 093940
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
wbuhay@wwhgd.com
ggreenjr@wwhgd.com

9

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Objection to Confirmation was served upon the following listed parties and/or counsel by either electronic transmission, or first-class United States mail, postage pre-paid on February 28, 2023:

Associated Oral Specialties, Inc.
5671 Peachtree Dunwoody Road
Suite 420
Atlanta, GA 30342


Milton D. Jones
MILTON D. JONES, ATTORNEY
12252 Styron Drive
Hampton, GA 30228
miltondjonesatty@gmail.com


Leon S. Jones
CHAPTER 11 SUBCHAPTER V TRUSTEE
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308
ljones@joneswalden.com

DATED: February 28, 2023.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____
William C. Buhay
Georgia Bar No.: 093940
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
wbuhay@wwhgd.com
ggreenjr@wwhgd.com

11