UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| ASSOCIATED ORAL SPECIALTIES, INC., | : | CASE NO. 22-58327-BEM |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
REQUEST FOR VOLUNTARY DISMISSAL OF CASE**

Mary Ida Townson, United States Trustee for Region 21, pursuant to the administrative responsibilities imposed by 28 U.S.C. § 586, objects to the Debtor's request for the voluntary dismissal of this chapter 11 case and submits that this chapter 11 case should instead be converted to a chapter 7 case.

**I.    COURSE OF PROCEEDINGS**

1.    On October 17, 2022, Associated Oral Specialties, Inc., the Debtor herein (the "Debtor") filed a petition under chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V (Doc. No. 1).  The Debtor, as debtor in possession, has all of the rights and powers of a trustee, except those specified in 11 U.S.C. 1106(a)(2-4). 11 U.S.C. § 1184.

2.    On October 17, 2022, the United States appointed Leon S. Jones, as the Subchapter V Trustee (Doc. No. 3).

3.    On January 14, 2023, the Debtor filed its Plan of Reorganization (Doc. No. 70) (the "Plan").

4.    On January 27, 2023, the Court entered an Order and Notice of Assignment of Hearing on Confirmation of Plan (Doc. No. 32) (the "Confirmation Notice"). The Confirmation Notice set the deadline for filing and serving an objection to the Plan as March 1, 2023.

5. This United States Trustee timely filer her to the Debtor's plan.

## II. THE DEBTOR'S CASE SHOULD BE CONVERTED TO CHAPTER 7

6. The United States Trustee's review of operating reports filed by the Debtor indicates that the Debtor's monthly operating reports and amended monthly operating reports are inaccurate or incomplete, reveal undisclosed accounts and unexplained transactions, and do not support the Debtor's contention that its plan is feasible.

7. The Debtor has failed to file its March 2022, April 2022, and May 2022 monthly operating reports.

8. The United States Trustee, creditors and parties in interest cannot adequately analyze the Debtor's operations without a full and complete representation of the Debtor's operations during this Chapter 11 case.

9. By way of example, the Debtor's October 2022 monthly operating report reflects income and expenses of $29,536.55 ($0.00 Net Cash Flow) (Doc. No. 19). The supporting exhibits include a Venmo or CashApp payment to Dr. Faryn Harrison of $11,286 on November 15, 2022, from a savings account ending in 3824 for "Associated Oral Specialties October Commission". That savings account was never reported to the United States Trustee.

10. The Debtor also provided the October Bank of America account statement in the name of Amalgamated Healthcare, Inc., account ending 5916. This account statement revealed deposits into the account on behalf of Associated Oral Specialties, Milestone Dentistry, Amalgamated Healthcare, and various other unidentified "Preencoded" deposits. It also showed a Wired Deposit from Beurena H. Wakefield (Citizens National Bank of QUI) of $25,000.00 (Debtor's Mother's Account). Further it showed disbursements being made on behalf of the debtor, and the other entities. Also noteworthy, the bank account showed a payment to Wellen

Capital of $2,226.00 on behalf of Associated Oral Specialties. There were also transfers to the following accounts ending: 9573, 3816, and 9094 (Doc. No. 19).

11. When questioned by the U.S. Trustee's auditor, the Debtor was unable to adequately explain the transactions. On January 16, 2023, the Debtor filed an amended October 2022 monthly operating report (Doc. No. 26) and filed its November 2022 monthly operating report (Doc. No. 27). Both monthly operating reports showed $0.00 income, expenses, payables, and receivables. The Debtor also reported a new Regions account with account ending 0188.

12. The October, November and December 2022 Bank of America statements related to Amalgamated Healthcare (account ending in 5916) show that Wellen Capital is being paid on behalf of the Debtor. The Debtor has failed to list Wellen Capital as a creditor.

13. The Amended October 2022 operating report and the November 2022 operating report show no activity, reporting no receipts or expenses. This seems implausible.

14. The January 2023 monthly operating report shows significant activity for Amalgamated Healthcare, with various transactions on the Amalgamated Healthcare bank statements showing specific receipts and expenses for the Debtor – however, the bank statement failed to include all transactions within that bank statement. Further it appears no funds were transferred to the Debtor's debtor in possession account, and the debtor has failed to utilize that account. (Doc. No. 53)

15. Finally, the Debtor's Plan stated that it manages multiple dental practices (Plan, ¶1.1).

16. Based on the Debtor's testimony at the Initial Debtor Interview and the section 341 meeting, and the information disclosed in the Debtor's Motion to use cash collateral, the Debtor operates a specialty dental practice.

17. The Debtor has never disclosed, nor do the Debtor's bank accounts support, the contention that the Debtor manages multiple dental practices.

18. Without accurate information regarding the source of the Debtor's income and expenses and operations, the United States Trustee and other parties in interest cannot gain a meaningful understanding of the Debtor's operational history during this chapter 11 case.

19. Upon information and belief, the Debtor has not disclosed all of its assets.

20. The Liquidation Analysis appended to the Debtor's Plan did not include any accounts receivable (Plan, Exhibit F). However, based on the Debtor's January 2023 monthly operating report, the Debtor has $130,618.00 in accounts receivable (Doc. No. 53).

21. The Debtor's Plan disclosed that the Debtor did not intend to pursue any avoidance actions (Plan, ¶1.10). The United States Trustee's review of the Debtor's monthly operating reports indicates that all of the Debtor's pre-petition bank accounts, and the bank accounts of its related entities, need to be reviewed to determine whether any potential avoidance actions exist.

22. A cursory review of the bank account statements provided to the United States Trustee indicates that there are questionable transactions that need to be further investigated.

23. Section 1112(b)(1) provides that after notice and a hearing, the Court shall dismiss *or convert* a case to a case under chapter 7 if the movant establishes cause. Section 1112(b)(4) lists several items which would constitute "cause" for purposes of conversion or dismissal.

24. Pursuant to 11 U.S.C. §1112(b)(4)(F), an unexcused failure to satisfy timely any filing or reporting requirement established by Title 11 or by any rule applicable to a case under Chapter 11, establishes cause to convert a Chapter 11 case.

25. Similarly, pursuant to 11 U.S.C. §1112(b)(4)(H), the Debtor's failure to timely provide information requested by the United States Trustee establishes cause to convert this Chapter 11 case.

26. The Debtor has failed to file the operating report due for April and May 2023. As a result, the United States Trustee, creditors, the Court and other parties in interest have been unable to monitor the Debtor's financial operations since the inception of this case.

27. The Debtor's failure to file this operating report constitutes cause to convert the Debtor's case under 11 U.S.C. §§1112(b)(4)(F) and (b)(4)(H).

28. Based on the foregoing, the United States Trustee submits that it would be in the best interests of creditors to convert this case to one under Chapter 7.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order converting this chapter 11 case to a case under chapter 7 and for such other and further relief as may seem just and proper.

Respectfully submitted this 15th day of June, 2023.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By: _____/s/_____
Martin P. Ochs
Georgia Bar No. 091608
New York Bar No. MO-1203
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4509
martin.p.ochs@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S REQUEST FOR VOLUNTARY DISMISSAL OF CASE** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following party who has appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

| | |
|---|---|
| George B. Green, Jr: | ggreen@wwhgd.com |
| Samuel Richards: | sam.richards@arlaw.com |
| Jeremy McCullough: | jmccullough@jtm-law.com |
| Milton Jones: | miltondjonesatty@gmail.com |
| Leon Jones: | ljones@joneswalden.com |
| Greg Hays: | ghays@haysconsulting.net |

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each of the following parties:

Associated Oral Specialties, Inc.
5671 Peachtree Dunwoody Rd
Ste 420
Atlanta, GA 30342-5004

June 15, 2023

*/s/*
Martin P. Ochs
Georgia Bar No. 091608
New York Bar No. MO-1203
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4509
martin.p.ochs@usdoj.gov